UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DIANE RICHARDS, ET UX.** | **CIVIL ACTION NO. 12-0774** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WAL-MART STORES, INC.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 23] filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). For the following reasons, Wal-Mart's Motion for Summary Judgment is DENIED.

### I.   INTRODUCTION

This case arises out of Plaintiff Diane Richards' ("Mrs. Richards'") July 25, 2010 accident at the Wal-Mart Supercenter in Ruston, Louisiana. On that date, Mrs. Richards allegedly suffered injuries to her back, neck, and left hip when a juicebox display fell on her.

Prior to her accident, on September 21, 2009, Mrs. Richards and her husband, Kenneth Richards ("the Richards") had filed for Chapter 13 bankruptcy. Shortly before the accident, on July 19, 2010, the Richards filed an Amended Chapter 13 Plan, which was confirmed on August 23, 2010. Mrs. Richards did not disclose her injuries or potential cause of action to the bankruptcy court prior to the plan confirmation.

On July 13, 2011, the Richards filed a Petition for Damages in the Third Judicial District Court for the State of Louisiana, alleging that Wal-Mart caused her injuries. On March 30, 2012, Wal-Mart removed the lawsuit to this Court on the basis of diversity jurisdiction.

On October 10, 2012, Wal-Mart filed the instant Motion for Summary Judgment. [Doc. No. 23]. Wal-Mart argues that, under the United States Bankruptcy Code, the Richards had a continuous and ongoing duty to report any causes of action that accrued before the Chapter 13 bankruptcy proceeding was discharged. Because the Richards failed to disclose the cause of action against Wal-Mart to the Bankruptcy Court before filing this suit, Wal-Mart contends that the claim should be barred by the doctrine of judicial estoppel. Wal-Mart notes that the Richards filed Amended Chapter 13 Plans on March 28, 2012, May 14, 2012, and June 21, 2012, and none of those Amended Plans listed this lawsuit as an asset.

However, as Wal-Mart concedes, if the Richards' failure to disclose was inadvertent, then judicial estoppel does not apply. Wal-Mart maintains that the Richards' failure was not inadvertent because (i) the Richards knew the factual basis of the claim prior to the confirmation of their Chapter 13 Plan and (ii) the Richards had a motive for failing to disclose the claim to the Bankruptcy Court.

On October 31, 2012, the Richards filed an Opposition to Motion for Summary Judgment. [Doc. No. 25]. The Richards contend that their failure to disclose this cause of action was inadvertent because neither they nor their attorney knew that disclosure was required after the bankruptcy petition had been filed. The Richards also argue that they should not be judicially estopped from asserting this claim because the bankruptcy trustee informed them that the cause of action would not be included in any bankruptcy plan. As judicial estoppel is an equitable doctrine, they contend that its application in these circumstances would be inequitable.

On November 14, 2012, Wal-Mart filed a Reply Memorandum to Plaintiffs' Opposition to Defendant's Motion for Summary Judgment. [Doc. No. 27]. Wal-Mart argues that the Richards' reliance on *Gilbreath v. Averitt*, 2011 WL 4554090 (W.D. La. 2010), is misplaced. In *Gilbreath*,

this Court did not apply judicial estoppel, noting that the Fifth Circuit had not confronted the obligation of a debtor to inform the Bankruptcy Court of a lawsuit post-confirmation. Wal-Mart notes that the Fifth Circuit has recently held that disclosure of a lawsuit is required post-confirmation. *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 263 (5th Cir. 2012). Wal-Mart also then attempts to distinguish the facts of *Gilbreath* from this case. Unlike in *Gilbreath*, where the debtor submitted no amendments to their plan following the accrual of their cause of action, here, the Richards submitted multiple Amended Plans that failed to list the lawsuit as an asset. Thus, Wal-Mart concludes that judicial estoppel is appropriate.

This matter is now ripe for ruling.

## II.    LAW AND ANALYSIS

### A.    Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party

to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Judicial Estoppel

In this matter, there are no genuine issues of material fact. Rather, the sole issue is whether the Court should apply the doctrine of judicial estoppel based on the undisputed facts.

Because the issue underlying judicial estoppel is an interpretation of the federal Bankruptcy Code, the Court applies federal law. *See Woodard v. Taco Bueno Rests., Inc.*, 2006 WL 3542693, at *3 (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)). Under federal law, "[j]udicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.'" *In re Coastal Plains*, 179 F.3d at 205 (quoting *Brandon v. Interfist Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)). "The purpose of the doctrine is 'to protect the integrity of the judicial process', by 'prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest.'" *Id.* (quoting *Brandon*, 858 F.2d at 268) (modification in original). "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks and citation omitted).

"A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is

sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (citing *In re Coastal Plains*, 179 F.3d at 206-07). "Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Id.*

### 1. Whether the Richards made an inconsistent representation

The first prong of judicial estoppel is that the party must be asserting a position to the Court that is inconsistent with a prior legal position. The Court finds that the Richards are asserting a position in this Court that was inconsistent with their position in the Bankruptcy Court.

"[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *In re Coastal Plains*, 179 F.3d at 207-08 (citing 11 U.S.C. § 521 ("The debtor shall-(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs . . . .")). "'*Any claim with potential must be disclosed*, even if it is contingent, dependent, or conditional.'" *Id*. at 208 (quoting *Westland Oil Dev. Corp. v. MCorp Mgmt. Solutions, Inc.*, 157 B.R. 100, 103 (S.D. Tex. 1993)) (emphasis in original). Thus, it is well-established law that a debtor has a duty to disclose property and assets, which include potential causes of action, to the bankruptcy court. *See* 11 U.S.C. § 541; *In re Coastal Plains*, 179 F.3d at 208; *Woodard*, 2006 WL 3542693, at *5.

The Fifth Circuit recently held that bankruptcy debtors have an ongoing duty to amend their schedule of assets in bankruptcy proceedings, including those acquired after a bankruptcy court has confirmed a bankruptcy plan. *Love*, 677 F.3d at 263. Here, it is uncontroverted that the Richards

failed to include the claim in their schedule of assets, even though they submitted several Amended Plans to the Bankruptcy Court following the institution of this lawsuit.

The Richards argue that their positions are not inconsistent because the bankruptcy trustee stated that she would not have modified the plan prior to discharge, even if they had disclosed the cause of action. The Court is not persuaded. The duty to disclose all assets exists despite the fact that there may be no adverse consequences to the debtor. As Wal-Mart points out, judicial estoppel protects the integrity of the courts. By not disclosing the cause of action to the Bankruptcy Court, the Richards undermined the judicial process. Moreover, under 11 U.S.C. § 1329, creditors themselves, not just trustees, may seek modification of a debtor's plan after confirmation. Because the Richards had a duty to disclose their claim and failed to do so until after notified of the failure by Wal-Mart, their position advanced in this Court is inconsistent with their position in the Bankruptcy Court. The first prong of judicial estoppel is met.

### 2. Whether the Richards convinced the Bankruptcy Court to accept their prior position

The second prong of judicial estoppel is that "the party against which estoppel is sought convinced a court to accept the prior position." *Jethroe*, 412 F.3d at 600 (citing *In re Coastal Plains*, 179 F.3d at 206-07). The "acceptance" element requires "that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *In re Superior Crewboats*, 374 F.3d at 335 (quoting *In re Coastal Plains*, 179 F.3d at 206). This requirement is satisfied where a bankruptcy court has confirmed a debtor's bankruptcy plan in reliance on the veracity of his asset schedules. *Jethroe*, 412 F.3d at 600.

The Richards filed for Chapter 13 bankruptcy on September 21, 2009. On July 13, 2011,

they filed this lawsuit. They then filed amended Chapter 13 plans on March 28, 2012, May 14, 2012, and June 21, 2012. None of these plans listed this lawsuit as an asset in their bankruptcy. The Bankruptcy Court confirmed the May 14, 2012 Amended Plan on June 15, 2012. By failing to disclose this claim, the Richards convinced the Bankruptcy Court to accept their prior position: that they had no cause of action. Thus, the second prong of judicial estoppel is also met.

### 3. Whether the Richards acted inadvertently

The third prong of judicial estoppel is that "the party did not act inadvertently." *Jethroe*, 412 F.3d at 600 (citing *In re Coastal Plains*, 179 F.3d at 206-07). A failure to disclose is inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *In re Coastal Plains*, 179 F.3d at 210. In order for the debtor to lack knowledge of the undisclosed claim, the debtor must have been unaware of the facts giving rise to her claim when she represented that she had no potential claim to the bankruptcy court. *Jethroe*, 412 F.3d at 600.

Here, the Richards argue somewhat persuasively that they acted inadvertently because they did not know the extent of Mrs. Richards' injuries when their bankruptcy plan was originally confirmed on August 23, 2010. After all, the Richards did not consult with an attorney regarding their claims until nearly ten months after the accident. However, the Fifth Circuit has established a low bar in evaluating the knowledge factor. Even though the Richards are lay people, because they were aware of Mrs. Richards' injuries, they were aware of the facts giving rise to her claim, and thus, had a duty to disclose.

The Richards also argue somewhat persuasively that their omission was inadvertent

because, on January 10, 2012, they contacted the bankruptcy trustee regarding this lawsuit. There were informed by a staff attorney of the bankruptcy trustee, Jennifer Hugenbruch, that the cause of action would not become part of the bankruptcy estate because it did not arise until after they filed their bankruptcy petition. The Richards and their attorney believed no further action was required. Their reliance on the bankruptcy trustee's assurances was not unreasonable. In addition, the Richards have now amended their schedule of assets to include this cause of action. However, the Court notes that the Richards did not contact the bankruptcy trustee nor amend the schedule of assets until after they were contacted by Wal-Mart, which tempers the strength of this contention.

Further, the Richards had some motive to conceal the cause of action. "[T]he motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." *Love*, 677 F.3d at 262. If the Richards had disclosed the claim, their plan could have been modified under 11 U.S.C. § 1329, on motion of the trustee or their creditors, even though the bankruptcy trustee stated that no modification would be necessary. Because the Richards were aware of the facts giving rise to their claim while the bankruptcy was ongoing and had a motive to conceal the claim from the Bankruptcy Court, their nondisclosure was not inadvertent. Therefore, the third prong of judicial estoppel is met.

### 4. Judicial estoppel as an equitable doctrine

As the Supreme Court has said, "[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. at 750. Even if the elements of judicial estoppel are satisfied by a particular set of facts, application of the doctrine is not

compulsory. Moreover, the Fifth Circuit has recently held that whether to apply the doctrine "appears to lie in a holistic, fact-specific consideration of each claim of judicial estoppel that arises from litigation claims undisclosed to the bankruptcy court." *Reed v. City of Arlington*, 620 F.3d 477, 482 (5th Cir. 2010).

The case before this Court is different than Fifth Circuit cases judicially estopping a plaintiff's claim. *See, e.g.*, *In re Superior Crewboats, Inc.*, 374 F.3d 330, 333 (5th Cir. 2004) (judicially estopping debtors because they inaccurately reported that their claims were time-barred when converting to Chapter 7); *Reed*, 620 F.3d at 482 (judicially estopping a Chapter 7 bankruptcy trustee where the debtor did not disclose a more than $1 million judgment because the trustee's claim depended on the underlying validity of the debtor's claim).

The facts here are less egregious than those in the Fifth Circuit cases cited above. While the debtors' causes of action all accrued before filing for bankruptcy in those cases, the Richards' cause of action arose nearly one year after they filed for bankruptcy. At the time of her injury on July 25, 2010, Mrs. Richards did not realize the extent of her injuries, as evidenced by her failing to seek legal advice until May 2011. Further, neither the Richards nor their personal injury attorney were aware that the claim should be added to the bankruptcy schedule. When Wal-Mart brought the issue to the Richards' attention, they immediately sought to remedy the problem. On January 17, 2012, the Richards' attorney contacted the bankruptcy trustee regarding the personal injury claim. When they were advised by a staff attorney for the bankruptcy trustee that the cause of action would not be considered part of the bankruptcy estate, the Richards believed no further action was needed. Finally, after retaining new counsel for this action, the Richards amended their bankruptcy schedule to include the claim. Although the Richards' notification of the

bankruptcy trustee and amendment of the Plan on September 24, 2012, were untimely, those efforts weigh in their favor as a matter of equity.

As for further equitable consideration, it bears noting that the Richards' trustee would not have sought to modify the plan, even if they had disclosed the claim. Although the creditors were entitled to seek modification under 11 U.S.C. § 1329, it is unclear whether they would have sought to modify or whether the Bankruptcy Court would have modified the Plan based on the possibility that the Richards might recover a future judgment.

Balancing all of the equities, this Court does not believe that the Richards should be estopped from pursuing their claims.

### III. CONCLUSION

For the foregoing reasons, Wal-Mart's Motion for Summary Judgment [Doc. No. 23] is DENIED.

MONROE, LOUISIANA, this 30th day of November, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE