UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DIANE RICHARDS, ET UX. | CIVIL ACTION NO. 12-0774 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WAL-MART STORES, INC. | MAG. JUDGE KAREN L. HAYES |

RULING

This case arises out of Plaintiff Diane Richards' July 25, 2010 accident at the Wal-Mart Supercenter in Ruston, Louisiana. On that date, Mrs. Richards allegedly suffered injuries to her back, neck, and left hip when a juicebox display fell on her. Mrs. Richards and her husband, Keith Richards, brought suit against Defendant Wal-Mart Stores, Inc. ("Wal-Mart").

Pending before the Court is Plaintiffs' Motion in Limine [Doc. No. 34]. Plaintiffs move to exclude four types of evidence: (1) any and all statements and evidence regarding their bankruptcy proceedings, (2) any and all statements and evidence regarding settlement negotiations prior to trial, (3) expert testimony or evidence not timely disclosed in accordance with the Scheduling Order, and (4) any and all witnesses not timely disclosed. Defendant Wal-Mart Stores, Inc., has filed an opposition memorandum [Doc. No. 42]. Plaintiffs have filed a reply [Doc. No. 45].

**A.   Bankruptcy Proceedings**

First, Plaintiffs move the Court to exclude from trial as irrelevant any and all statements and evidence regarding their Chapter 13 bankruptcy proceedings.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." FED. R. EVID. 401. Evidence that does not satisfy FED. R. EVID. 401 is inadmissible. FED. R. EVID. 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." FED. R. EVID. 403.

Plaintiffs filed a Chapter 13 Voluntary Petition in the United States Bankruptcy Court, Western District of Louisiana, on September 21, 2009. After Mrs. Richards' accident and the subsequent filing of this lawsuit, Plaintiffs did not amend their bankruptcy filings to provide notice of the claim against Wal-Mart. When Wal-Mart brought the issue to Plaintiffs' attention, their attorney contacted the bankruptcy trustee, but counsel was advised by a staff attorney for the bankruptcy trustee that the cause of action would not be considered part of the bankruptcy estate, and Plaintiffs believed no further action was needed. After retaining new counsel for this action, Plaintiffs amended their bankruptcy schedule to include the claim.

In the Court's previous Ruling [Doc. No. 28] on Defendant's Motion for Summary Judgment, the Court declined to apply judicial estoppel to bar Plaintiffs from pursuing this lawsuit because of their untimely disclosure to the bankruptcy court. Thus, Plaintiffs contend that the bankruptcy has no relevance to the pending lawsuit and would serve only to incite the prejudice of the jury against them.

Defendant responds that Plaintiffs' bankruptcy filings are "highly relevant" to show that Plaintiffs "were struggling with their finances prior to the accident at Wal-Mart" and provided financial motive for the lawsuit. Defendant further contends that the bankruptcy filings are relevant because there are inconsistencies with Plaintiffs' position in this case. Finally, Defendant argues that Plaintiffs seek to recover damages for mental anguish damages, loss of earning capacity, and lost wages as a result of the accident when these damages could also have resulted from their bankruptcy.

In their reply, Plaintiffs respond that their bankruptcy filing in 2009, prior to the accident, could not have provided motive for this lawsuit and that, in any event, Plaintiffs' motive is not at issue in this case. Plaintiffs also respond that the only inconsistency between this lawsuit and the bankruptcy filings was their untimely disclosure of the personal injury claim. Since the Court has denied Defendant's Motion for Summary Judgment, Plaintiffs contend this evidence is not relevant at trial. Plaintiffs further respond that the bankruptcy filings are irrelevant to their claims for loss of earning capacity and lost wages because the bankruptcy had no effect on their employability. Prior to the accident, Mrs. Richards had been employed as a bus driver for the Lincoln Parish School Board for six years, both before and after the bankruptcy. Mr. Richards is employed as a metering supervisor for the City of Ruston and has been employed by the City for over twenty (20) years. Plaintiffs' contend that the change to Plaintiffs' income was Mrs. Richards' inability to work as a bus driver following the accident. Finally, Plaintiffs respond that the bankruptcy is not relevant to their claim for mental anguish damages because Mrs. Richards did not seek medical care for her mental and emotional suffering until October 2012, when she was referred to Dr. David Williams by her pain care physician, Dr. Ledbetter, for medication and pain-related depression.

Having reviewed the record and considered the arguments of the parties, the Court finds that evidence of Plaintiffs' bankruptcy filing is relevant to the issue of mental anguish damages and the probative value of this evidence is not outweighed by undue prejudice. If Plaintiffs intend to show that the accident resulted in Mrs. Richards' mental anguish, then Defendant is entitled to show that there were other reasons, including financial strain, which could have caused mental anguish. However, the Court does not find that this evidence is relevant for the other bases raised. Thus, to this extent that Defendant intends to introduce evidence of Plaintiffs' bankruptcy to address Mrs.

Richards' mental anguish claim, Plaintiffs' Motion in Limine is DENIED.

  **B.**  **Pre-Trial Settlement Negotiations**

Defendant agrees with Plaintiffs that, pursuant to Federal Rule of Evidence 408, any and all statements and evidence related to pre-trial settlement negotiations is excluded from trial. *See* FED. R. EVID. 408(a) (Evidence of the "furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and . . .conduct or a statement made during compromise negotiations" are not admissible to "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."). Thus, this portion of Plaintiffs' Motion in Limine is GRANTED.

  **C.**  **Untimely Disclosed Expert Testimony & Witnesses**

Originally, Plaintiffs moved the Court to exclude testimony from untimely disclosed experts and witnesses under the then-current Scheduling Order. However, since the Motion in Limine was filed, Magistrate Judge Hayes granted a continuance of trial [Doc. No. 39] and issued an abbreviated Scheduling Order [Doc. No. 41]. Thus, these portions of Plaintiffs' Motion in Limine are DENIED AS MOOT.

  **D.**  **Conclusion**

For the foregoing reasons, Plaintiffs' Motion in Limine [Doc. No. 34] is GRANTED IN PART, DENIED IN PART and DENIED IN PART AS MOOT. To the extent that Plaintiffs move the Court to exclude evidence of settlement negotiations, the motion is GRANTED. To the extent that Plaintiffs move the Court to exclude evidence of their bankruptcy filings, the motion is DENIED, and Defendant will be permitted to introduce this evidence for the limited purpose of

addressing Plaintiff Diane Richards' claim for mental anguish damages. To the extent that Plaintiffs move the Court to exclude expert testimony or evidence and witnesses not timely disclosed in accordance with the Scheduling Order, the motion is DENIED AS MOOT.

MONROE, LOUISIANA, this 7th day of May, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE